

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2007

# USA v. Neidig

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Neidig" (2007). *2007 Decisions*. Paper 1183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1588

_____

UNITED STATES OF AMERICA

v.

WILLIAM J. NEIDIG,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal Action No. 04-cr-00271-1
(Honorable James F. McClure, Jr.)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2007

Before: SCIRICA, *Chief Judge,* FUENTES, and ALARCÓN,[*] *Circuit Judges.*

(Filed April 30, 2007)

_____

OPINION OF THE COURT

_____

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

ALARCÓN, *Circuit Judge*.

William Neidig appeals from the District Court's order sentencing him to 151 months of imprisonment, five years of supervised release, and a special assessment of $100. Mr. Neidig contends that the District Court imposed an unreasonable sentence by refusing to grant his request for a greater downward departure on the ground that his criminal history category over represents the seriousness of his criminal history. We will affirm because we conclude that the District Court's sentencing decision was reasonable.

**I**

**A**

Beginning in January 13, 2003, Mr. Neidig agreed with co-defendant Gregory Jones to ship cocaine via Federal Express from Mr. Jones to various locations used by Mr. Neidig's wholesale distributors in Pennsylvania. Mr. Neidig's wholesale distributors included William Reid, Brent Reed, Brad Kashner, Messe Kosmer, and others. These individuals sold the cocaine to lower-level drug dealers and paid Mr. Neidig with a portion of the proceeds from their sales. Mr. Neidig amassed substantial sums of cash from his sale of cocaine, enabling him to purchase vehicles, motorcycles and real estate.

**B**

On July 5, 2005, Mr. Neidig pled guilty to conspiracy to distribute and possess

with intent to distribute cocaine in violation of 21 U.S.C. § 846. Mr. Neidig's

Presentence Report ("PSR") calculated a total base offense level of 34. Four levels were

added based on the conclusion that Mr. Neidig "was an organizer or leader of a criminal

activity that involved five or more criminally responsible participants or was otherwise

extensive." PSR at ¶ 26. The PSR recommended that the total offense level should be

reduced by three levels for acceptance of responsibility. This calculation reduced the

total offense level to 35. The PSR characterized Mr. Neidig as a career offender, because

he had previously been convicted of escape and aggravated assault. The career offender

designation placed Mr. Neidig in criminal history category VI pursuant to U.S.S.G. §

4B1.1.

The Government moved for a downward departure based on Mr. Neidig's

substantial assistance to the Government, pursuant to U.S.S.G. § 5K1.1, and

recommended a downward departure of six levels. This recommendation reduced the

Sentencing Guideline range from 292 to 365 months to 151 to 188 months.

At the sentencing hearing, Mr. Neidig asked the District Court to move him to a

criminal history category of IV because the escape conviction resulted from the fact that

Mr. Neidig went to visit his parents instead of going to his work release program. Mr.

Neidig contended that while the PSR's Sentencing Guidelines calculations are correct,

they produced an unreasonable sentence, because the nature of his escape conviction was

relatively minor. The District Court rejected Mr. Neidig's motion for an additional downward departure. The District Court granted the Government's motion for a downward departure and sentenced Mr. Neidig to be imprisoned for 151 months.

Mr. Neidig filed a timely notice of appeal on February 15, 2005. We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1)-(2).

## II

Mr. Neidig contends that the sentence was unreasonable because his criminal history category over represents the seriousness of his criminal history. We review a criminal sentence for reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005). "We exercise plenary review over the District Court's interpretation of the Sentencing Guidelines and constitutional questions." *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004). "We review the District Court's factual findings for clear error, and the District Court's application of those facts to the Guidelines for an abuse of discretion." *Id.* (internal citations omitted).

District Courts must impose sentences that promote the "sentencing goals" listed in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 325-26 (3d Cir. 2006). The record must demonstrate that the District Court gave meaningful consideration to the factors listed in § 3553(a). *Id.* at 329. A trial court does not have "to discuss and make findings as to each of the § 3553(a) factors. . . ." *Id*. "On the other hand, a rote statement

4

of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises a ground of recognized legal merit (provided it has a factual basis) and the court fails to address it." *Id.* (internal quotation marks and citation omitted). "[A]ppellants have the burden of demonstrating unreasonableness." *Id.* at 332.

Here, the District Court properly calculated Mr. Neidig's base offense level under the Sentencing Guidelines. The District Court also carefully considered and addressed each issue of recognized legal merit raised by Mr. Neidig.

Mr. Neidig contends that the District Court was unreasonable because it failed to take into account the nature and age of Mr. Neidig's prior escape conviction when imposing the sentence. Mr. Neidig specifically argues that he was only 21 years of age when he committed the escape offense, and that the nature of the offense was not serious because he merely went to see his family instead of going to his work release program. That offense elevated Mr. Neidig to criminal history category VI. Mr. Neidig contends that the District Court's refusal to vary Mr. Neidig's sentence in light of this alleged harsh result produced an unreasonable sentence, because it shows that the District Court did not properly consider the "the nature and circumstances of the offense and the history and characteristics of the defendant" under § 3553(a)(1). Brief of Appellant at 12.

During the sentencing proceedings, Mr. Neidig raised the issue of his prior escape

conviction with the District Court and presented a similar argument for a sentence reduction. The District Court considered this argument and rejected it because Mr. Neidig had an extensive criminal history. The record shows that the District Court considered the nature and circumstances of Mr. Neidig's offense, and his criminal history. The District Court's disagreement with Mr. Neidig's conclusion regarding his criminal history does not demonstrate that the sentence was unreasonable. *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) ("a district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable").

For the foregoing reasons, we will affirm the judgment of the District Court.